### MELCER v. ORBES.

(Supreme Court, Appellate Term. June 25, 1909.)

BROKERS (§ 60*)—CONTRACT—CONSTRUCTION—RIGHT TO COMMISSIONS.

Where defendant, as part of an actor's employment contract, agreed to pay plaintiff's assignor 10 per cent. commissions on all moneys accruing from defendant's engagements with T. & D.'s enterprises, and thereafter a new contract for four years was entered into with T. & D., which, however, was terminated before the end of the first year by their giving up the hippodrome where defendant was employed, after which defendant made a new contract on like terms and for a like period with their successors, he was not liable for commissions on salary earned under the latter contract.

[Ed. Note.—For other cases, see Brokers, Dec. Dig. § 60.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Joseph Melcer against Marceline Orbes. From a Municipal Court judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Fromme Bros., for appellant.
House, Grossman & Vorhaus, for respondent.

MacLEAN, J. On March 7, 1905, the defendant and plaintiff's assignor entered into a written contract in London, England, whereby the defendant agreed to accept through the agency of the assignor of the plaintiff an engagement to appear at the New York Hippodrome, or Luna Park, as acrobatic clown, at a weekly salary of $125, the engagement to be for 24 weeks, to commence on March 20, 1905, the writing reciting:

"I agree to pay you or your executors and assigns 10 per cent. commission on all moneys accruing from this engagement, and I hereby authorize Thompson & Dundy to deduct and pay J. F. Percival Hyatt [plaintiff's assignor], or order, the same from my salary in any manner J. F. Percival Hyatt may deem expedient. I also agree to pay you the same rate of commission on all. subsequent engagements at all Thompson & Dundy's enterprises."

In March, 1906, the defendant entered into a written contract with Thompson & Dundy for a four years' engagement, to begin Septem-

ber 4, 1906; but, Thompson & Dundy giving up the Hippodrome in June, he in August made a new contract, upon and for like terms and time, with Shubert & Anderson, who took the Hippodrome some time in July or August, but who, so far as appears, did not in any manner represent Thompson & Dundy.

In this action, brought to recover commissions on the subsequent engagement, the plaintiff has recovered a judgment against the defendant, which cannot be sustained. The liability of the defendant for commissions, under the contract with plaintiff's assignor, upon all subsequent engagements in one of Thompson & Dundy's enterprises, accrued only upon the moneys accruing from the engagement under the 1906 contract with Thompson & Dundy. It nowhere appearing that Shubert & Anderson succeeded to that contract by or with the assent of the parties, and their contract with the defendant appearing to be new and independent, the judgment must be reversed.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.